IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| Progressive Northern Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. 3:20-cv-210 |
| v. | ) | |
| | ) | **COMPLAINT FOR** |
| Palmetto Building Transport, LLC; Bianca Leigh Goodwin; Ryan Lee Dirks; Dirks Farms, Inc., d/b/a Roadrunner Building Transport, | ) | **DECLARATORY RELIEF** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Progressive Northern Insurance Company, by and through its undersigned attorneys, complaining of the Defendants herein, seeks a declaratory judgment from this Honorable Court as set forth below.

## **PARTIES AND JURISDICTION**

1. Progressive Northern Insurance Company ("Progressive") is a corporation organized under the laws of the State of Indiana with its principal place of business in Ohio.

2. Palmetto Building Transport, LLC. ("Palmetto") is a limited liability company organized under the laws of the State of South Carolina with its principal place of business in the State of South Carolina and may be served with process via its registered agent, Ryan Dirks, 148 Rambeau Lane, Wallace, SC 29596.

3. Palmetto's sole member is Ryan Lee Dirks, who is a citizen and resident of South Carolina.

4. Bianca Leigh Goodwin ("Goodwin") is a citizen and resident of Anson County, North Carolina.

{00493165-2}  1

5. Dirks Farms, Inc. ("Dirks Farms") is a corporation organized under the laws of the State of Arizona with its principal place of business in the State of Arizona and may be served with process via its Registered Agent Janet Dirks, 17520 W. Dale Lane, Surprise, AZ 85387.

6. Dirks Farms does business under the name "Roadrunner Building Transport."

7. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

8. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

9. Venue is proper in this District pursuant to §1391(b)(2), because this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

10. On or about November 3, 2016, in Anson County, North Carolina, Ryan Lee Dirks was operating a forklift (the "Forklift") transporting a small building or shed on N.C. Route 1730, when Goodwin collided with the shed and the Forklift ("the Accident").

11. Upon information and belief, the Forklift was owned by Dirks Farms and leased to Palmetto at the time of the Accident.

12. The Forklift was not attached to or carried or towed by any automobile at the time of the Accident.

13. The transportation of the shed originated at a wholesaler, retailer, or distributor in the State of North Carolina and delivery was intended to occur at a private residence in the State

of North Carolina. No portion of the intended transportation was to occur outside of the State of North Carolina.

14. It is unknown what vehicle performed transportation from the origin to the roadway in front of the destination.

15. Goodwin filed suit against Palmetto, Ryan Lee Dirks, and Dirks Farms in the North Carolina General Court of Justice, Superior Court Division, Anson County, captioned Goodwin v. Ryan Lee Dirks et al, 19-CVS-431 (the "Goodwin Lawsuit").

16. At the time of the Accident, Palmetto was insured under a Commercial Auto Policy issued by Progressive to Palmetto (Policy No. 02658537-1) (hereinafter "the Progressive Policy") with effective dates of September 9, 2016 to September 9, 2017 and having combined single liability limits of $1,000,000.00. A true and accurate copy of the Progressive Policy, its endorsements, and its declaration pages is attached to this Complaint as **Exhibit A**.

17. As relevant, the terms of the Progressive Policy provide:

Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto.

. . . .

"Auto" means a land motor vehicle or trailer designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. It does not include mobile equipment.

. . . .

"Mobile equipment" means any of the following types of land vehicles including, but not limited to, any attached machinery or equipment:

    a. Bulldozers, farm implements and machinery, *forklifts* and other vehicles designed for use principally off public roads; (Emphasis added)

…

However, mobile equipment does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle law are considered autos.

. . . .

When used in Part I - Liability To Others, insured auto also includes:
…

    2. Mobile equipment while being carried or towed by an insured auto;

\* \* \*

18. The Policy contains exclusions that include an exclusion for Movement of Property by Mechanical Devices. The exclusion specifically excludes:

Bodily injury or property damage resulting from or caused by the movement of property by a mechanical device, other than a hand truck, not attached to an insured auto.

\* \* \*

19. The Policy contains exclusions that include an exclusion for Handling of Property. The exclusion specifically excludes:

Bodily injury or property damage resulting from or caused by the handling of property:

    a. before it is moved from the place where it is accepted by the insured for movement into or into your insured auto; or

    b. after it has been moved from your insured auto to the place where it is finally delivered by the insured.

\* \* \*

20. The Progressive Policy also contains an endorsement entitled Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS-90"), which provides, in relevant part, as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicle subject to financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course and scope of their employment, or property transported by the insured, designated as cargo.

## FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

21. Progressive restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

22. The Forklift is not an "auto" under the Progressive Policy.

23. The Forklift is "mobile equipment" under the Progressive Policy.

24. The Forklift was not being carried or towed by an insured auto at the time of the Accident.

25. The Forklift is not an "insured auto" under the Progressive Policy.

26. The Progressive Policy affords no coverage for claims arising from the Accident because the Accident does not arise from the ownership, maintenance, or use of an insured auto.

27. Alternatively, the Progressive Policy affords no coverage for claims arising from the Accident because the Accident arose from the movement of property by the Forklift, a mechanical device not attached to an insured auto.

28. Alternatively, the Progressive Policy affords no coverage for claims arising from the Accident because the Accident arose from the handling of property after it was moved from an insured auto to the place where it was finally delivered.

29. The MCS-90 does not apply to claims arising from the Accident because the Accident did not occur during the course of interstate transportation by a commercial motor vehicle, as defined by governing federal regulations.

30. Progressive owes no duty under the Progressive Policy to defend any individual or entity in relation to claims arising from the Accident.

31. Progressive owes no duty under the Progressive Policy to indemnify any individual or entity in relation to claims arising from the Accident.

32. The Progressive Policy does not require Progressive to defend any individual or entity in relation to the Goodwin Lawsuit or any future-filed lawsuit seeking damages in relation to claims arising from the Accident.

33. The Progressive Policy does not require Progressive to indemnify any individual or entity in relation to the Goodwin Lawsuit or any future-filed lawsuit seeking damages in relation to claims arising from the Accident.

34. The MCS-90 is not applicable to any judgment obtained against any person or individual in the Goodwin Lawsuit or any future-filed lawsuit seeking damages in relation to claims arising from the Accident.

35. Progressive is entitled to an Order of this Court declaring Progressive's rights, duties, and obligations as alleged hereinabove.

WHEREFORE, Progressive prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

This the 8th day of April, 2020.

/s/ C. Fredric Marcinak (#38331)
C. Fredric Marcinak
Moseley Marcinak Law Group, LLP
PO Box 26148
Greenville, SC 29616
(864) 246-6027
Fred.marcinak@momarlaw.com
